# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN J. HANNON, | No. 3:18-CV-02054 |
| Petitioner, | (Senior Judge Rambo) |
| v. | |
| COMMONWEALTH OF PA, et al., | |
| Respondents. | |

## MEMORANDUM OPINION

**I.   BACKGROUND**

Sean J. Hannon, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition asserting that (1) his sentence is illegal as it exceeds the legal maximum term allowable, (2) his attorney was ineffective for failing to explain the sentence to him, (3) his plea was not knowing and voluntary because he did not understand the nature of any potential sentence, and (4) his sentence violates the United States Constitution. (Doc. 1). Hannon's term of incarceration arises from two separate criminal judgments resulting from 2008 convictions for simple assault and resisting arrest, and a 2011 conviction for driving under the influence. *Id.* at 1. Hannon acknowledges that he did not seek review in state court of any of the issues raised in this petition because he "did not have counsel, and . . . [is] not versed in law or filing of motions and petitions or appeals." *Id.* at 12; *see id.* at 5-12.

A review of the Pennsylvania state court dockets[1] reveals that Hannon did not file a direct appeal of either criminal judgment, but instead filed a petition for collateral review pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") in which he challenged both judgments. *See Commonwealth v. Hannon*, CP-35-CR-0002278-2008 (Ct. Com. Pl. Lackawanna Cty.); *Commonwealth v. Hannon*, CP-35-CR-0001425-2011 (Ct. Com. Pl. Lackawanna Cty.). Hannon's PCRA petition was dismissed on April 16, 2014. *Id.* Hannon attempted to file one interlocutory appeal in late 2012, which was dismissed by the Superior Court of Pennsylvania for lack of jurisdiction. *See Commonwealth v. Hannon*, 2188 MDA 2012 (Pa. Super. Ct.). Hannon did not, however, appeal the PCRA court's final order denying his petition.

Respondents have filed a motion to dismiss, asserting that Hannon's § 2254 petition should be dismissed because Hannon: (1) is no longer in custody pursuant to the 2008 criminal judgment; (2) named an improper respondent; (3) failed to exhaust his state court remedies; and (4) failed to timely file his § 2254 petition or present adequate cause to excuse his untimely petition. (Doc. 9). Hannon has not responded to the motion to dismiss.

---

[1] Although neither party references the relevant state court dockets, the Court "may take judicial notice of the contents of another Court's docket." *Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014). The docket for the Pennsylvania Court of Common Pleas is available at https://ujsportal.pacourts.us/DocketSheets/CP.aspx, while the dockets for the state appellate courts are available at https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

## II. DISCUSSION

Prior to filing § 2254 petitions, state prisoners must exhaust available state court remedies. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). To fully exhaust remedies, a prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. To invoke one complete round of Pennsylvania's established appellate review process, individuals must appeal an adverse decision to the Superior Court of Pennsylvania, but "need not seek review from the Pennsylvania Supreme Court." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

"The exhaustion requirement does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred." *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004). Thus, where state courts would refuse to consider an unexhausted claim, a petitioner's "failure to exhaust that claim is excused." *Id.* In such circumstances "the concomitant doctrine of procedural default" applies and bars consideration of the merits of a petitioner's claims unless "the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." *Id.* at 381.

"Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations and internal quotation marks omitted). "'Actual prejudice' means 'not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Goldblum v. Klem*, 510 F.3d 204, 215-16 (3d Cir. 2007) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982) (brackets omitted)). To establish a miscarriage of justice, "the petitioner must typically show actual innocence." *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (internal quotation marks omitted).

It is clear from Hannon's petition and the relevant Pennsylvania state court dockets that he did not appeal to the Superior Court of Pennsylvania either his criminal judgments or the denial of PCRA relief. Moreover, because more than one year has elapsed since Hannon's criminal convictions became final, he is barred from pursing his current claims in state court. *See* 42 Pa. Stat. and Cons. Stat. § 9545 (b)(1) (PCRA petition "shall be filed within one year of the date the judgment becomes final").[2] Consequently, the Court may entertain the merits of Hannon's

---

[2] While the relevant statute provides limited exceptions to this rule, none are applicable to Hannon's claims. Hannon makes no allegation that the government in any way interfered with his ability to raise his current claims in his earlier PCRA petition or with his ability to appeal the earlier actions, and he does not rely on a constitutional right newly recognized by the United States Supreme Court or Supreme Court of Pennsylvania. 42 Pa. Stat. and Cons. Stat. § 9545 (b)(1)(i), (iii). Nor does Hannon allege that he could not have discovered the basis of his

4

petition only if he demonstrates cause and prejudice or a fundamental miscarriage of justice.

First, Hannon fails to demonstrate cause and prejudice. Hannon asserts that he did not raise his current claims in state court because he "was unaware at the time" of the existence of these claims and, by the time he became aware of their existence, any PCRA petition would be time-barred. (Doc. 1 at 5-10). However, it is well settled that "an 'ignorant or inadvertent procedural default' does not satisfy the cause element of cause and prejudice." *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (quoting *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)). *See also Murray v. Carrier*, 477 U.S. 478, 486 (1986) (noting "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default").

Second, Hannon has not demonstrated—let alone alleged—actual innocence sufficient to excuse his procedural default. Hannon makes no allegation that he did not commit the acts to which he pled guilty, but instead raises issues related solely to the sentence imposed and his awareness of the consequences that would result from his guilty plea. (*See* Doc. 1). Because Hannon fails to demonstrate either cause

---

current claims through the exercise of due diligence. *Id.* § 9545(b)(1)(ii). To the contrary, it would have been clear to Hannon as early as 2010—when he was first resentenced for violating his probation—that he was subject to resentencing as a probation violator and that any time spent on probation would not be counted toward his sentence.

and prejudice or a miscarriage of justice, his claims are procedurally defaulted and his § 2254 petition must be dismissed. Finally, because it is beyond debate that Hannon's claims are procedurally defaulted, a certificate of appealability is not warranted. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth grounds for granting certificate of appealability).

**III. CONCLUSION**

For the foregoing reasons, Hannon's § 2254 petition will be dismissed. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 2, 2019